FILED'06 DEC 06 09:55USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| KHOSROW NAVAIE, ) | CV 06-637-TC |
| ) | |
| Plaintiff, ) | |
| ) | FINDINGS AND |
| v. ) | RECOMMENDATION |
| ) | |
| SOCIAL SECURITY SERVICES, ) | |
| ) | |
| Defendant. ) | |

COFFIN, Magistrate Judge:

## INTRODUCTION

Plaintiff Khosrow Navaie brought this action *pro se* alleging that the Social Security Administration erroneously withheld five months of supplemental security income payments totaling approximately $3,000.00. The matter is now before the court on the motion of the Social Security Administration to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) (docket # 5).

## BACKGROUND

Navaie alleges that the Social Security Administration (SSA) owes him approximately $3000.00 in unpaid benefits. SSA reduced Navaie's benefits in 2001 to offset income he received in 2000 and 2001. Navaie contends the funds he received were loans from his cousin which SSA erroneously characterized as income.

1 - FINDINGS AND RECOMMENDATION

Navaie informed SSA in 2001 that the funds were loans, but he did not provide any supporting documentation or respond to a request for specific information. He provided SSA with an affidavit from his cousin dated January 11, 2006.

Navaie did not pursue a formal administrative challenge to the reduction in benefits. In April 2006, Navaie filed a civil complaint in the Small Claims Department of the 4th Judicial District of the State of Oregon seeking to recover the unpaid benefits from SSA. SSA removed to this court pursuant to 28 U.S.C § 1442.

## STANDARDS

Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge the federal court's jurisdiction over the subject matter of a complaint. As the party invoking the court's jurisdiction, the plaintiff bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested. *Thornhill Pub. Co. v. General Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

All material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff. *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989). Additionally, the court may consider affidavits or any other evidence properly before the court that bears on the question of whether it has subject matter jurisdiction. *Sommatino v. United States*, 255 F.3d 704, 710 (9th Cir. 2001); *American Medical College v. United States*, 217 F.3d 770, 778 (9th Cir. 2000).

## DISCUSSION

When claims arise under the Social Security Act and have at their core a challenge to a decision made regarding disability benefits, there is no source of federal subject matter

Navaie informed SSA in 2001 that the funds were loans, but he did not provide any supporting documentation or respond to a request for specific information. He provided SSA with an affidavit from his cousin dated January 11, 2006.

Navaie did not pursue a formal administrative challenge to the reduction in benefits. In April 2006, Navaie filed a civil complaint in the Small Claims Department of the 4th Judicial District of the State of Oregon seeking to recover the unpaid benefits from SSA. SSA removed to this court pursuant to 28 U.S.C § 1442.

## STANDARDS

Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge the federal court's jurisdiction over the subject matter of a complaint. As the party invoking the court's jurisdiction, the plaintiff bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested. *Thornhill Pub. Co. v. General Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

All material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff. *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989). Additionally, the court may consider affidavits or any other evidence properly before the court that bears on the question of whether it has subject matter jurisdiction. *Sommatino v. United States*, 255 F.3d 704, 710 (9th Cir. 2001); *American Medical College v. United States*, 217 F.3d 770, 778 (9th Cir. 2000).

## DISCUSSION

When claims arise under the Social Security Act and have at their core a challenge to a decision made regarding disability benefits, there is no source of federal subject matter

jurisdiction other than 42 U.S.C. § 405(g). 42 U.S.C. § 405(h); *Weinberger v. Salfi,* 422 U.S. 749, 756-762 (1975); *Heckler v. Ringer,* 466 U.S. 602, 615 (1984); *Mathews v. Eldridge,* 424 U.S. 319, 327-28 (1976).

In order to obtain judicial review of a decision of SSA, a claimant must obtain a "final decision of the Commissioner of Social Security made after a hearing to which he was a party." 42 U.S.C. § 405(g) incorporated by 42 U.S.C. § 1383(c)(3); *Boettcher v. Secretary of Health and Human Services,* 759 F.2d 719, 720 (9th Cir. 1985).

To obtain a hearing, a claimant must present a claim to the Commissioner and obtain an initial determination. 20 C.F.R. § 416.1400(a)(1). If the initial determination is adverse to the claimant, he must seek reconsideration. 20 C.F.R. §§ 416.1400(a)(2), 416.1409, 416.1420. After reconsideration, he may request a hearing before an administrative law judge. 20 C.F.R. §§ 416.1400(a)(3), 416.1433. The ALJ's decision after the hearing does not become a final decision of the Commissioner until the claimant requests review from the Appeals Council and the Appeals Council either grants or denies review. 20 C.F.R. §§ 416.1400(a)(5), 416.1481.

The allegations of the complaint reveal that subject matter jurisdiction under section 405(g) is lacking in this case for two reasons. Accordingly, dismissal under Rule 12(b)(1) is appropriate.

First, Navaie does not allege that he presented a claim for initial determination or requested reconsideration, a hearing from an ALJ, or review by the Appeals Council. The Declaration in Support of Motion to Dismiss establishes that Navaie has not undertaken these administrative procedures. A claimant's failure to exhaust the procedures required by 42 U.S.C § 405(g) deprives this court of jurisdiction. *Ball v. Social Sec. Admin.,* 872 F.2d. 832, 833 (9th Cir.

3 - FINDINGS AND RECOMMENDATION

1989); *Heckler v. Ringer,* 466 U.S. at 617; *Ensey v. Richardson,* 469 F.2d 664, 666 (9th Cir. 1972).

Second, Navie alleges a claim that arose more than two years ago. Navie filed his complaint on April 21, 2006, alleging an erroneous determination by SSA in March 2001. The regulations promulgated under the Social Security Act provide for reopening a determination within two years for good cause or at any time if the determination was obtained by fraud. 20 C.F.R. § 416.1488. Because more than two years have expired and the facts presented do not support any indication of fraud, Navaie's claim is time-barred.

In conclusion, Navaie has failed to establish that this court has the requisite subject matter jurisdiction to grant the relief he seeks. Accordingly, it appears he can prove no set of facts that would entitle him to relief on this claim and his complaint should be dismissed. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

## RECOMMENDATION

Based on the foregoing, Defendant's Motion to Dismiss (docket # 5) should be granted and this case should be dismissed for lack of subject matter jurisdiction. Plaintiff's Motion to Respond and Request a Hearing (docket #9) should be denied.

IT IS SO ORDERED.

DATED this 6 day of December, 2006.

Thomas M. Coffin
United States Magistrate Judge